UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IBRAHIM QASIM and NOUH QASIM, | : | |
| Plaintiffs, | : | Civil Action No. 21-18744 (JXN) (JRA) |
| v. | : | |
|  | : | OPINION |
| SPECTRUM BRANDS HOLDINGS, INC., *et al.*, | : | |
| Defendants. | : | |

**NEALS**, District Judge:

This matter comes before the Court on Defendants Spectrum Brands Holdings, Inc. ("SBHI"), United Industries Corporation ("United Industries"), and Liquid Fence Company (collectively, "Defendants")[1] motion for reconsideration of the Court's September 30, 2024 Opinion and Order pursuant to Local Rule of Civil Procedure 7.1(i), (ECF Nos. 68-69). (ECF No. 71). Plaintiffs Ibrahim Qasim and Nouh Qasim (collectively, "Plaintiffs") opposed. (ECF No. 78). Jurisdiction and venue are proper pursuant to 28 U.S.C. §§ 1332 and 1391(b), respectively. The Court has carefully considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).

For the reasons set forth below, Defendants' motion to reconsider the September 30 Order is **DENIED**. As ordered in the Court's September 30 Order, the Court shall conduct a *Daubert* hearing regarding the admissibility of Dr. Pugh's expert report and testimony prior to trial, pursuant to *Daubert v. Merrill Dow Pharmaceutical, Inc.*, 509 U.S. 579 (1993).

---

[1] In the Court's September 30, 2024 Opinion and Order, all claims against The Home Depot, Inc. ("Home Depot") were dismissed with prejudice. (ECF Nos. 68-69). As Defendants noted in a letter dated October 17, 2024, Home Depot is not involved in the present motion. (ECF No. 73).

I.  **BACKGROUND**

The factual and procedural backgrounds of this matter are well-known to the parties and were previously recounted in the Court's September 30, 2024 Opinion and Order. (ECF Nos. 68-69). On October 13, 2023, Defendants filed a motion seeking to exclude the opinions and testimony of James Pugh, PH.D., P.E. ("Dr. Pugh") and for summary judgment (ECF No. 42), which Plaintiffs opposed (ECF No. 45), to which Defendants replied (ECF No. 46).

In its September 30, 2024 Opinion, the Court found that Plaintiffs' negligence (First Count) and Consumer Fraud Act claims (Fourth Count) were subsumed by the New Jersey Products Liability Act ("PLA") and dismissed those Counts. (ECF No. 68 at *5-7). The Court also dismissed the design defect claim (First Count) with prejudice because Plaintiffs had failed to respond to Defendants' arguments and the claim was not otherwise supported. (*Id.* at *8 n.6). Further, the Court dismissed the claims against Home Depot because it constituted an "innocent seller" under N.J. Stat. Ann. § 2A:58C-9. (*Id.* at *9-11).

However, the Court denied Defendants' motion for summary judgment without prejudice as to the failure to warn claim. (*Id.* at *7-9). As the Court found Defendants' motion with respect to the failure to warn claim hinged on the admissibility of Dr. Pugh's report and testimony, the Court ordered a *Daubert* hearing to be scheduled before trial. (*Id.* at *8).

On October 15, 2024, Defendants filed the pending motion for reconsideration of the Court's September 30, 2024 Opinion and Order. (ECF No. 71). On November 5, 2024, Plaintiffs filed their opposition. (ECF No. 78). The matter is now ripe for consideration.

II.  **LEGAL STANDARD**

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed*

2

*Grp., Inc.*, No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan. 13, 2010). A motion for "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002)); *see also Langan Eng'g & Env't Servs., Inc. v. Greenwich Ins. Co.*, No. 07-2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[] are to be granted 'sparingly'" (quoting *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001))); *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld*, 161 F. Supp. 2d at 352. Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.").

To prevail on a motion for reconsideration, the moving party must file the motion within 14 days of the entry of order or judgment and show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also North River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotation marks omitted). A court commits clear error of law "only if the record

cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which its bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the movant must point to some dispositive factual or legal matter that was presented to the Court. *See* L. Civ. R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.*, No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process . . . .") (internal citations omitted).

### III. DISCUSSION

The Court finds Defendants' motion suffers from two defects, each of which independently warrant denial of Defendants' motion. First, any motion for reconsideration "must be filed within 14 days after the entry of the order or judgment on the original motion by the Judge." L. Civ. R. 7.1(i). Here, Defendants filed the subject motion on October 15, 2024, which is fifteen days after the Court entered the challenged September 30, 2024 Opinion and Order. This Court may deny a motion for reconsideration "for the sole reason that it[]s filing was untimely[.]" *See Wiggins v.*

4

*United Food & Com. Workers Union, Local #56*, No. 04-3797, 2005 WL 8175885, at *1 (D.N.J. Sept. 16, 2005); *Doe v. N.J. State Prison*, No. 24-8290, 2024 WL 4906021, at *2 (D.N.J. Nov. 27, 2024); *Gillespie v. Newark Board of Ed.*, No. 21-18990, 2024 WL 4867025, at *2 (D.N.J. Nov. 22, 2024).

Second, even if Defendants had timely filed their motion and the Court were to reach its merits, the Court still finds that reconsideration is not appropriate. In the subject motion, Defendants argue that their underlying summary judgment motion on the failure to warn claim did "not hinge on the admissibility of Dr. Pugh's report or his testimony regarding causation of damages." (Br. at 9-10).[2] Rather, Defendants contend the undisputed facts demonstrate "the air exchange that occurred in the apartment made it *impossible* for the Product to cause Plaintiffs' injuries." (*Id.* at 10). In opposition, Plaintiffs primarily argue that Defendants merely regurgitate their causation arguments that were raised in their summary judgment motion. (Opp'n at 4-6).

A motion for reconsideration is not a procedural vehicle for parties to take a "second bite at the apple." *See Ippolito v. Carpenito*, No. 19-19818, 2020 WL 1847671, at *1 (D.N.J. Apr. 13, 2020). As the Court elucidated in its September 30, 2024 Opinion, "[t]he Third Circuit has 'long stressed the importance of *in limine* hearings under Rule 104(a) in making the reliability determinations under Rule 702 and *Daubert*[,]'" (ECF No. 68 at *8 (quoting *Padillas v. Stork-Gamco, Inc.*, 186 F.3d 412, 417 (3d Cir. 1999)), and that "'[t]he decision to hold a *Daubert* hearing 'rests in the sound discretion of the district court,'" (*id.* (quoting *Henry v. St. Croix Alumina, LLC*, 572 F. App'x 114, 119 (3d Cir. 2014)).

---

[2] For sake of clarity, when citing the parties' briefs and supporting documents, the Court cites to the page number listed in the ECF header. If there is no page number listed in the ECF header, the Court cites to the page number listed in the respective document.

5

In its September 30, 2024 Opinion, the Court denied Defendants' motion as to the failure to warn claim *without* prejudice and ordered a pretrial *Daubert* hearing. (ECF No. 68 at *7-9). In their underlying brief, Defendants argued, at length, that Dr. Pugh's testimony should be stricken because his opinions were unreliable, and that without competent expert testimony on both the defect and causation elements, the failure to warn claim could not survive. (*See* ECF No. 42-1 at 14-26). Defendants also argued that even if the Court declined to exclude Dr. Pugh's testimony, that they were nevertheless entitled to summary judgment because the record evidence "establishe[d] that the Product was not, and could not have been, a cause of the subject fire," (*id.* at 26-27). Defendants raise similar arguments in the present motion. (*see* Br. at 5-7).

The Court finds it appropriately concluded a *Daubert* hearing must be conducted prior to considering Defendants' motion with respect to the failure to warn claim. While Defendants continue to urge the Court to find otherwise, its motion on the failure to warn claim in fact hinges on the admissibility of Dr. Pugh's report and testimony regarding the causation of damages. It was within the Court's authority to order a *Daubert* hearing before addressing the viability of the failure to warn claim, particularly when such viability relies on the admissibility of expert testimony. *See Daubert*, 509 U.S. at 589 (recognizing the district court's role as gatekeeper to ensure that all expert testimony and evidence is relevant and reliable); *Martin v. Blaser Swisslube, Inc.*, No. 03-6116, 2005 WL 3454291, at *7 (D.N.J. Dec. 16, 2005) ("A motion for summary judgment should be denied without prejudice pending the outcome of a *Daubert* hearing, when disposition of the motion depends on a determination of the admissibility of expert testimony.").

Accordingly, Defendants have failed to carry their burden to obtain the extraordinary remedy of reconsideration, and the motion is denied.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, Defendants' motion for reconsideration (ECF No. 71) is **DENIED**.

DATED: 3/10/2025

HONORABLE JULIEN XAVIER NEALS
United States District Judge